Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| CARIBBEAN GOLF ACADEMY, INC.  Recurrida  v.  MUNICIPIO AUTÓNOMO DE CAROLINA Y OTROS  Peticionaria | KLCE202400858 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina  Civil Núm.: CA2021CV03398  Sobre: Sentencia Declaratoria; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece el Municipio Autónomo de Carolina (Municipio o peticionario) mediante un recurso de *certiotari* para solicitar la revisión de la *Resolución* emitida el 8 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (foro primario). En el referido dictamen, el foro primario declaró sin lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por el Municipio por entender que estaba imposibilitado de disponer del pleito por la vía sumaria toda vez que existe controversia sobre hechos del caso. Adelantamos que, por los fundamentos que expondremos a continuación, denegamos la expedición del auto solicitado.

Según surge del expediente, el 14 de diciembre de 2021 Caribbean Golf Academy (CGA) incoó demanda sobre sentencia declaratoria y daños y perjuicios en contra del Municipio, Landfill

Número Identificador

RES2024 _____

Technologies, LLC. (Landfill Tech); Consolidated Waste Services (ConWaste); Landfill Gas Technologies (LGT); Aseguradoras A, B, C de nombre desconocido que han expedido pólizas a favor del Municipio; y Aseguradoras D, E, F de nombre desconocido, que han expedido pólizas a favor de Landfill y/o ConWaste.

En síntesis, CGA alegó que allá para diciembre del año 2003 el Municipio adquirió para fines de utilidad pública 35 cuerdas segregadas de una finca colindante al norte de los terrenos del Sistema de Rellenos Sanitarios de Carolina mediante el caso civil núm. KEF2003-1130 (1003) de expropiación forzosa.

En la demanda CGA explicó que luego de la expropiación del Municipio advino titular colindante de la propiedad segregada. Por lo cual, indicó que en virtud de su titularidad presentó la demanda de epígrafe. En ella, señaló que el Municipio utilizó parte de las 35 cuerdas de la zona de amortiguamiento para el depósito de basura y desperdicios sanitarios. Asimismo, sostuvo que los codemandados invadieron casi una cuerda de su propiedad, causando daños irreparables a su finca y al sistema ambiental. Por tanto, solicitó al foro primario que le prohíba al Municipio la invasión en la extensión del vertedero, la paralización de sus operaciones y la restauración de las 35 cuerdas de la zona de amortiguamiento a su estado original.

Por su parte, el Municipio en la *Contestación a la Demanda* indicó que CGA no tiene legitimación activa para radicar el caso de epígrafe, pues, no fue parte del pleito original de expropiación forzosa. A su vez, señaló que al cabo de los años surgió la necesidad de construir un área para extender la vida útil del vertedero municipal. Por lo cual, la Junta de Calidad Ambiental autorizó la construcción de la Celda C,

que ubica dentro de las 35 cuerdas en controversia y cedió los permisos pertinentes para su operación. Por último, resaltó que la CGA adquirió la finca en el año 2019, a sabiendas de que existía la referida extensión y la Celda C dentro de las 35 cuerdas colindantes a su propiedad.

Así las cosas, CGA presentó una solicitud para bifurcar los procedimientos del caso. Ello con el fin de postergar todo lo relacionado a los daños y perjuicios reclamados, el descubrimiento de prueba, el peritaje necesario y la estimación o valoración de los daños. En respuesta, el foro primario ordenó la bifurcación de los procedimientos.

Luego de varios asuntos acontecidos, el Municipio presentó ante el foro primario una *Solicitud de Sentencia Sumaria Parcial* en la cual adujo que no existe controversia real ni sustancial en los hechos. Añadió que las únicas controversias a resolver son: 1) si la CGA tiene legitimación activa para cuestionar e impugnar el uso público de las 35 cuerdas expropiadas por el Municipio y 2) si el foro primario tiene jurisdicción sobre la materia para atender el asunto de los permisos expedidos por la Junta de Calidad. Por tanto, solicitó que se resolvieran sumariamente los incisos (a), (b) y (j) de las controversias bifurcadas. Los cuales en específico plantean: a) el cumplimiento del Municipio al utilizar las 35 cuerdas para el desarrollo de una zona de amortiguamiento al norte del vertedero municipal; b) el uso contrario al desarrollo de una zona de amortiguamiento en el cual el Municipio utiliza las 35 cuerdas expropiadas para el depósito de basura y desperdicios sanitarios; y j) las defensas invocadas por los codemandados que no están relacionadas a la estimación de daños.

Por su parte, CGA presentó su *Réplica a Solicitud de Sentencia Sumaria Parcial del MAC y/o Resolución Sumaria Interlocutoria*. En ella, expresó que su demanda no impugna la expropiación forzosa, sino, que reclama daños como colindante al amparo de la Ley Sobre Política Pública Ambiental 12 L.P.R.A. § 8001 *et seq.*, 8002m. Por otro lado, señaló que la precitada ley no faculta a la Junta de Planificación para conceder indemnización por daños y perjuicios. Por tal motivo, es el foro primario quien mantiene jurisdicción sobre la materia en el caso ante nuestra consideración.

Tras varias incidencias procesales, el foro primario concluyó que existen cinco determinaciones de hechos, entre ellas: a) si contrario al desarrollo de una zona de amortiguamiento el Municipio está utilizando dicha zona para el depósito de basura y desperdicios sanitarios en contravención con los permisos obtenidos; b) si el Municipio ha expandido y sobrepasado la zona de amortiguamiento excediendo sus límites o demarcación y depositando desperdicios sólidos y basura fuera de sus contornos, invadiendo así los terrenos de la finca de CGA; c) sobre los linderos de la Celda C, ya que sólo se ha admitido que ubica "parcialmente" en las 35 cuerdas expropiadas en el caso KEF2003-1139; d) el uso dado a la Celda C dentro de las 35 cuerdas expropiadas y si el Municipio está depositando desperdicios sólidos y basura fuera de su demarcación invadiendo así la propiedad de CGA; e) si se realizó una Declaración de Impacto Ambiental para la construcción y/o expansión de la Celda C del Sistema de Rellenos Sanitarios de Carolina conforme lo requiere el Reglamento de Evaluación y Trámite de documentos ambientales y la legislación aplicable. Por cual, declaró sin lugar la *Solicitud de Sentencia Sumaria Parcial*.

Así pues, el foro primario fundamentó su determinación al explicar que en cuanto al planteamiento de legitimación activa la CGA no impugna el procedimiento expropiación forzosa. Más bien, impugna la acción del Municipio como colíndate al invadir y utilizar la propiedad de CGA y la zona de amortiguamiento para el depósito de basura y desperdicios sólidos. En cuanto al señalamiento de falta de jurisdicción sobre la materia el foro primario razonó que no procede determinar mediante la presente demanda la nulidad de los permisos obtenidos por el Municipio. Sin embargo, dicha determinación no se hizo a la luz del argumento de falta de jurisdicción, sino, por falta de parte indispensable. El foro primario explicó que no se puede decretar la nulidad de un permiso sin la presencia en el pleito las agencias pertinentes, entiéndase, la Junta de Calidad Ambiental y el Departamento de Recursos Naturales. Por tal razón, el foro primario determinó que limita su jurisdicción para atender la controversia en cuanto a si en efecto, el Municipio extralimitó las colindancias correspondientes a su terreno e invadió el terreno de CGA. Además, si el uso del terreno expropiado es distinto y contraviene al autorizado causando daños a la propiedad de CGA.

Inconforme con el dictamen del foro primario, recurre ante nosostros el Municipio y argumenta que erró el Tribunal de Primera Instancia al declarar que la CGA tiene legitimación activa para cuestionar e impugnar el uso público de la expropiación, ya que, ésta no fue parte del pleito original. A su vez, señala que incidió el foro primario al declarar que tiene jurisdicción sobre la materia para atender la controversia de uso del terreno expropiado y determinar si el Municipio utilizó la zona de amortiguamiento para el depósito de

basura y desperdicios en contravención a los permisos obtenidos. Por último, aduce que erró el foro apelado al concluir que está en controversia el hecho de que el Municipio realizó una declaración de impacto ambiental para la construcción de la expansión de la Celda C. Al respecto, sostiene que no procede dilucidar la validez de los permisos, pues, la CGA no agotó en primera instancia el remedio administrativo. Oportunamente, el 19 de septiembre de 2023 la CGA presentó su escrito en *oposición a certiorari*.

En lo atinente, el auto de *certiorari* es un vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52. y de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012). En ese sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Por su parte, el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales.

Véase *Const. José Carro v. Mun. de Dorado,* 186 DPR 113 (2012). Así, la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2, permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Véase, también, *Torres Pagán et al v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que su peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, supra. Véase, también *Ramos Pérez v. Univisión*, 178 DPR 200 (2010).

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar de novo el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, determinar si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Luego de examinar *de novo* el expediente, resolvemos que la determinación del foro primario al denegar la *Solicitud de Sentencia Sumaria Parcial* en función de la existencia de controversias sustanciales de hechos no fue irrazonable, parcial o discrecionalmente

excesiva. Es decir, no resulta irrazonable que el Tribunal de Primera Instancia considerara que la adjudicación de las controversias del caso —particularmente en cuanto a si el Municipio desbordó el ámbito de su propiedad o de alguna manera extralimitó su uso de forma que haya afectado a la propiedad de CGA— exigen que se tramite la prueba en un juicio en su fondo. En este aspecto, no advertimos que se articule un argumento sustancial que nos lleve a concluir que el foro recurrido abusó de su discreción o incurrió en error manifiesto. En vista de ello, y a la luz del derecho aplicable, denegamos el auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones